125 Cal.Rptr.2d 493 (2002)
102 Cal.App.4th 259
REGIONAL PARKING, INC. et al. Plaintiffs and Respondents,
v.
DEPARTMENT OF MOTOR VEHICLES et al. Defendants and Appellants.
No. C038408.
Court of Appeal, Third District.
September 20, 2002.
Review Granted November 26, 2002.
*494 Aaron R. Feldman, Walnut Creek, for Plaintiffs and Respondents.
Bill Lockyer, Attorney General, Jacob Appelsmith, Barbara J. Seidman, Christopher E. Krueger and John A. Bachman, Deputy Attorneys General, for Defendants and Appellants.
MORRISON, J.
Residential addresses in the records of the Department of Motor Vehicles (DMV) are generally confidential. (Veh.Code, § 1808.21, subd. (a); all unidentified section references are to this code.) There is an exception for attorneys who need such information to represent clients in an action which directly involves the use of a motor vehicle that is pending, is to be filed, or is being investigated. (§ 1808.22, subd. (c)) (section 1808.22(c).) The issue in this case is whether an attorney for a corporation that enforces private property parking rights falls within this exception when he proposes to use the confidential residence address information to send collection letters to those who fail to pay their parking charges and to investigate whether to file small claims actions against those who fail to pay after receiving notice.
Given the strong policy considerations favoring the protection of privacy, we find a proposal to obtain numerous confidential residence addresses to collect parking fees does not meet the requirement of section 1808.22(c) that the information is necessary to represent a client in an actual or potential civil or criminal action. Further, the enactment of a pilot program to allow private colleges to obtain residential addresses to enforce parking restrictions shows the Legislature intended to limit access to DMV records for that purpose. We reverse the judgment granting a petition for a writ of mandate commanding DMV to issue a commercial requester code to petitioner Aaron Feldman.

BACKGROUND
Regional Parking, Inc. (Regional Parking) leases parking lots in Berkeley, Concord, and Walnut Creek, and provides parking enforcement to private property owners. If a person parks without permission on private property, Regional Parking *495 demands payment by placing an invoice for the parking fee on the offending vehicle's windshield. In the past, if no payment was made on this invoice, Regional Parking utilized the services of a vendor, who obtained the address of the vehicle's owner from DMV and then sent a delinquent invoice. Originally, Regional Parking used the services of Complus, but ended the relationship when it learned that Complus obtained the addresses illegally. Beginning in January 2000, Regional Parking used Ticket Track to access the addresses. Regional Parking ended this relationship because it was not happy with the service. (DMV later cut off Ticket Track's access to addresses.)
Regional Parking wanted to franchise its business and needed access to the addresses for vehicles that parked illegally. To accomplish this, Regional Parking hired attorney Aaron Feldman for collections. Feldman submitted a written proposal to DMV for a commercial requester code that would allow him to receive addresses from DMV.
Feldman's proposal explained how the addresses would be used. If an invoice on the windshield was not paid within 30 days, Regional Parking would send the vehicle information to Feldman. Feldman in turn would send it to DMV and receive the address information for that vehicle. Feldman, either directly or using a mail processing company, would send notice to the vehicle's owner. If there was still no payment, and the violator had multiple unpaid violations, Regional Parking would pursue collection through a small claims action or civil court. DMV did not approve Feldman's proposal.
Regional Parking and Feldman petitioned for a writ of mandate to command DMV to issue Feldman a commercial requester code. The petition was granted.

DISCUSSION
In 1989, the Legislature enacted an act relating to privacy. (Stats.1989, ch. 1213, §§ 1-19, pp. 4713-4720.) The Legislature stated certain findings and declarations: "The Legislature hereby finds and declares that:
"(a) Section 1 of Article I of the California Constitution guarantees the right to privacy.
"(b) In order for individuals to be able to exercise their right to privacy, they must be able to choose when to release personal information, and to whom, and reasonable laws requiring the individual to surrender control should be enacted only when it is deemed absolutely necessary for society's welfare.
"(c) The personal privacy and security of one's home is fundamental to this right of privacy.
"(d) In order to protect individuals from unwanted invasions of their homes, the Legislature has enacted this act."
(Stats.1989, ch. 1213, § 1, p. 4713.)
This act added Vehicle Code section 1808.21, which made any residence address in the records of DMV confidential and not to be "disclosed to any person, except a court, law enforcement agency, or any other governmental agency, or as authorized in Section 1808.22 or 1808.23." (§ 1808.21, subd. (a).) Section 1808.22 provides certain exceptions to this general rule of confidentiality. Initially, the exceptions were limited to financial institutions and insurance companies, subject to certain conditions. (§ 1808.22, subds.(a) & (b).) In 1990, an additional exception was created for attorneys. (Stats.1990, ch. 431, § 1, p. 1833.) That is the exception at issue here. In 1990, section 1808.23 was added, creating exceptions for vehicle manufacturers and dealers. (Stats.1990, ch. 1635, § 1, pp. 7836-7837.)
Section 1808.22(c) provides: "Section 1808.21 does not apply to an attorney when *496 the attorney states, under penalty of perjury, that the motor vehicle or vessel registered owner or driver residential address information is necessary in order to represent his or her client in a criminal or civil action which directly involves the use of the motor vehicle or vessel that is pending, is to be filed, or is being investigated. Information requested pursuant to this subdivision is subject to all of the following:
"(1) The attorney shall state that the criminal or civil action that is pending, is to be filed, or is being investigated relates directly to the use of that motor vehicle or vessel.
"(2) The case number, if any, or the names of expected parties to the extent they are known to the attorney requesting the information, shall be listed on the request.
"(3) A residence address obtained from the department shall not be used for any purpose other than in furtherance of the case cited or action to be filed or which is being investigated.
"(4) If no action is filed within a reasonable time, the residence address information shall be destroyed.
"(5) No attorney shall request residence address information pursuant to this subdivision in order to sell the information to any person.
"(6) Within 10 days of receipt of a request, the department shall notify every individual whose residence address has been requested pursuant to this subdivision."
DMV may establish commercial requester accounts and issue requester codes for the purpose of obtaining information from DMV's files, except as prohibited by section 1808.21. (§ 1810.2, subd. (a).) "The department shall establish a commercial requester account when it determines that the applicant has a legitimate business need for the information requested and when the applicant files a bond in the amount of fifty thousand dollars ($50,000) and pays a two hundred fifty dollar ($250) filing fee." (§ 1810.2, subd. (c).)
Feldman seeks to come within the attorney exception in section 1808.22(c). DMV contends the trial court erred in granting the petition for a writ of mandate because allowing attorneys to have access to confidential residence address information to send out collection letters is not a proper purpose under section 1808.22(c).
We begin with the rules of statutory construction. "A fundamental rule of statutory construction is that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] In construing a statute, our first task is to look to the language of the statute itself. [Citation.] When the language is clear and there is no uncertainty as to the legislative intent, we look no further and simply enforce the statute according to its terms. [Citations.]
"Additionally, however, we must consider [the statutory language at issue] in the context of the entire statute [citation] and the statutory scheme of which it is a part. `We are required to give effect to statutes "according to the usual, ordinary import of the language employed in framing them." [Citations.]' [Citations.] '"If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose." [Citation.].... "When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear." [Citations.] Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. [Citations.]' [Citations.]" (DuBois v. Workers' Comp. Appeals Bd. (1993) 5 Cal.4th 382, 387-388, 20 Cal.Rptr.2d 523, 853 P.2d 978.)
*497 The legislative intent of sections 1808.21 and 1808.22 is manifest: to protect the right to privacy and require an individual to surrender control over the release of personal information only when necessary for society's welfare. (Stats.1989, ch. 1213, § 1, p. 4713.) This intent is not effectuated by allowing the extensive release of residential address information to collect unpaid parking fees.
Section 1808.22(c) allows an attorney to obtain residential address information only when necessary to represent a client in an actual or potential action directly involving a motor vehicle. An attorney who seeks confidential residential address information must provide specific information about the pending or potential criminal or civil action, including, if any, the case number and, if known, the names of the expected parties. (§ 1808.22, subd. (c)(1) & (2).) These requirements show the Legislature intended the information to be released only in the context of a specific action that is pending or contemplated, not in a blanket collection effort. Feldman's proposal does not indicate that every address sought will be used to investigate a potential small claims action; rather, small claims or civil actions are reserved for those with multiple unpaid violations. Thus, Feldman cannot meet the requirement of section 1808.22(c) that he state under penalty of perjury that the "information is necessary in order to represent his or her client in a criminal or civil action" since he cannot represent his sole client in small claims court and, as plaintiffs in all such actions, his sole client cannot appeal. (Code Civ. Proc., §§ 116.530; 116.710, subd. (a).)
Further, even if the language of section 1808.22(c) could be interpreted to apply to a blanket collection effort, such an interpretation is foreclosed by section 1808.25. Section 1808.25 was enacted in 1998 to establish a pilot program requiring the DMV to release residential address information to independent institutions of higher education, provided the institution enters into a memorandum of understanding with the sheriff or police chief pursuant to Penal Code section 830.7, subdivision (b), and uses the address information solely to enforce parking restrictions.[1] (Stats.1998, ch. 885, § 1.) To participate in the pilot program an institution must enter into a contract with DMV that requires the institution to establish a procedure for contesting parking charges and remit a fee to DMV to cover the cost of providing the address information. (§ 1808.25, subd. (a).)
*498 It is untenable to conclude that the Legislature would put such strings on a private college's ability to obtain addresses to enforce parking restrictions but allow a private collection agency to readily obtain the same information without such restrictions. We discern no rationale for requiring a private college to establish procedures for contesting parking charges, but not a private company. Further, the interpretation of section 1808.22(c) advanced by Regional Parking would render section 1808.25 unnecessary. The college's lawyer could get the residential address information without the bother of a memorandum of understanding with law enforcement or a contract with DMV. "We do not presume that the Legislature performs idle acts, nor do we construe statutory provisions so as to render them superfluous. [Citations.]" (Shoemaker v. Myers (1990) 52 Cal.3d 1, 22, 276 Cal.Rptr. 303, 801 P.2d 1054.)
The Legislature's decision to extend the pilot program (Stats.2001, ch. 676, § 1), shows it was not unnecessary. We read section 1808.25 to show that the Legislature considered the issue of obtaining residential address information from DMV to enforce parking restrictions and determined to allow the release of such information only subject to the restrictions imposed by the pilot program. Feldman's proposal to use the confidential residential address information from DMV to send notices for unpaid parking charges does not come within the attorney exception of section 1808.22(c). The trial court erred in granting the petition for a writ of mandate.
The judgment must be reversed for an additional reason. Under section 1808.22(c) an attorney may obtain residential address information if he states, under penalty of perjury, that the information is necessary to represent his client in a criminal or civil action. The record does not disclose that Feldman ever made such declaration under penalty of perjury. Nothing in his proposal is stated under penalty of perjury. On this record, the requirements of section 1808.22(c) have not been met.

DISPOSITION
The judgment is reversed. DMV shall recover its costs on appeal.
We concur: BLEASE, Acting P.J. and NICHOLSON, J.
NOTES
[1] Section 1808.25 provides: [¶] "(a) The department shall implement a pilot program to provide residence address information to an accredited degree-granting nonprofit independent institution of higher education incorporated in the state, that has concluded a memorandum of understanding pursuant to subdivision (b) of Section 830.7 of the Penal Code if, under penalty of perjury, the institution requests and uses the information solely for the purpose of enforcing parking restrictions.

"(b) The memorandum of understanding executed by the sheriff or chief of police within whose jurisdiction the independent institution is located shall expressly permit the institution to enforce parking restrictions pursuant to subdivision (b) of Section 830.7 of the Penal Code.
"For the purposes of this subdivision, a participating institution shall enter into a contractual agreement with the department that, at a minimum, requires the institution to do all of the following:
"(1) Establish and maintain procedures, to the satisfaction of the department, for persons to contest parking violation notices issued by the institution.
"(2) Remit a fee, as determined by the department, to cover the department's costs of providing each address to the institution.
"(3) Agree that access to confidential residence address information from the department's vehicle registration database will be provided only through an approved commercial requester account.
"(c) The director may terminate a contract authorized by subdivision (b) at any time the department determines that the independent institution of higher education fails to maintain adequate safeguards to ensure that the operation of the program does not adversely affect those individuals whose records are maintained in the department's files, or that the information is used for any purpose other than that specified in subdivision (a).
"(d) Sections 1808.45, 1808.46, and 1808.47 are applicable to persons who obtain department records pursuant to this section and the department may pursue any appropriate civil or criminal action against any individual at an independent institution who violates the provisions of this section.
"(e) For purposes of this article only, any confidential information obtained from the department for administration or enforcement of this article shall be held confidential, except to the extent necessary for the enforcement of parking restrictions, and may not be used for any purpose other than the administration or enforcement of parking restrictions.
"(f) The department shall submit a report to the Legislature containing its evaluation of the pilot program which shall include a recommendation as to the advisability of continuing the program. The report shall be submitted on or before January 1, 2003.
"(g) This section shall remain in effect only until January 1, 2004, and as of that date is repealed unless a later enacted statute, that is enacted before January 1, 2004, deletes or extends that date."